**Laurent KOULADOUMNGAR,**
**Petitioner,**

v.

**UNITED STATES DEPARTMENT**
**OF HOMELAND SECURITY,**
**Respondent.**

**No. 05–3192–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 11, 2006.

Laurent Kouladoumngar, Auburn, NY, pro se.

Gail Y. Mitchell, Assistant United States Attorney, for Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Buffalo, NY, for Defendants–Appellees.

14

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Laurent Kouladoumngar, *pro se,* petitions for review of the BIA decision summarily affirming the decision of Immigration Judge ("IJ") John B. Reid denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. DOJ,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). This Court reviews *de novo* questions of law, mixed questions of law and fact, and the application of law to undisputed fact. *See Hong Ying Gao v. Gonzales,* 440 F.3d 62, 65 (2d Cir.2006).

Kouladoumngar, a native and citizen of Chad, initially came to the United States in February 1998 on a student visa. In May 1999, he left the United States to seek asylum in Canada. Canada ultimately denied his asylum application in April 2003, and returned Kouladoumngar to the United States border, where he was placed in detention. Kouladoumngar filed his United States asylum claim in July 2003. The IJ determined that Kouladoumngar filed his United States asylum claim more than one year after his last arrival in the

United States, and that he failed to show extraordinary or changed circumstances that would permit a late filing. *See* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2)(ii); *see also* 8 U.S.C. § 1158(a)(2)(D).

We recently held that the "proper interpretation of the one-year deadline provision of 8 U.S.C. § 1158(a)(2)(B) is a question of law over which we have jurisdiction." *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178 (2d Cir.2006); *see also* 8 U.S.C. § 1252(a)(2)(D); 8 U.S.C. § 1158(a)(3). However, under 8 U.S.C. § 1252(d)(1), we cannot consider either "bases for relief that were not raised below" or "general issues that were not raised below," but we can consider "specific, subsidiary legal arguments, or arguments by extension, that were not made below." *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Even liberally construing his *pro se* submissions to the BIA, we cannot conclude that Kouladoumngar challenged the IJ's ruling on the one-year time bar for asylum applications. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). Thus, we must deny Kouladoumngar's petition to review the asylum ruling.

Kouladoumngar's withholding of removal claim is not subject to the one-year filing requirement for asylum. *See* 8 U.S.C. § 1158(a)(2)(B). In order to qualify for withholding of removal, an applicant must show that it is more likely than not that his or her "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). This is a higher burden than that for asylum, but unlike asylum, if an applicant can make this showing, he or she is entitled to withholding of removal. *See Li Zu Guan v. INS,* 453 F.3d 129, 135 (2d Cir.2006); *Zhou Yun Zhang,* 386 F.3d at 71; 8 U.S.C.

§ 1231(b)(3)(A). By demonstrating that he or she has suffered past persecution, an applicant creates a rebuttable presumption that he or she has a well-founded fear of future persecution. *See Mirzoyan v. Gonzales*, 457 F.3d 217, 219–20 (2d Cir.2006); *Tian–Yong Chen v. INS*, 359 F.3d 121, 126–27 (2d Cir.2004).

Kouladoumngar claims that it is more likely than not that he will be persecuted if returned to Chad because (1) he is a member of the "Sara" tribe, (2) he is a Christian, and (3) he was politically active in a youth organization that supported a challenger to the head of the Government of Chad. His withholding of removal claim is largely based on his alleged arrest, mistreatment, beatings, and four day detention after organizing and participating in a protest march in 1996 against the Chad government. The IJ assumed that Kouladoumngar's testimony regarding his detention was true, but nonetheless found that this was insufficient evidence of past persecution because he did not make it "particularly clear as to exactly why [he] was detained." The IJ thought that Kouladoumngar would claim it was for all three reasons cited above (membership in the Sara tribe, Christian religion, and political affiliation), and speculated that the true reason for his detention may have been that the march itself was illegal under the laws of Chad, thus rendering Kouladoumngar's background irrelevant. In other words, the IJ believed that Kouladoumngar failed to show a nexus between his persecution and a protected ground.

The IJ impermissibly held Kouladoumngar to too high a standard of proof to demonstrate that the persecution he suffered was because of one particular ground. *See In re S–P–*, 21 I. & N. Dec. 486, 489–90, 1996 WL 422990 (BIA 1996) ("[A]n applicant does not bear the unreasonable burden of establishing the exact motivation of a persecutor where different reasons for actions are possible.") (internal quotation marks and citation omitted); *see also Osorio v. INS*, 18 F.3d 1017 (2d Cir. 1994) ("[I]t is immaterial whether the persecution arises from any single one of these reasons or from a combination of two or more of them.... [I]t is not necessary for the applicant to identify the correct ground; the fact finder should consider all or any combination of them.") (internal quotation marks, citations, and alterations omitted). Moreover, Kouladoumngar actually testified that he was being detained because of his political affiliation and support of an opposition candidate. Thus, we find that the IJ's rejection of Kouladoumngar's claim of past persecution both was based on an erroneous view of the law, and was not supported by the evidence.

However, the IJ also made factual findings regarding the likelihood that Kouladoumngar would suffer future persecution by the government of Chad, based on the experience of Kouladoumngar's father and State Department Country Reports, and concluded that he would not. The question, therefore, is whether we are confident that, absent the IJ's erroneous findings on Kouladoumngar's claim of past persecution, the "error-free proceeding would yield the same result." *Li Zu Guan*, 453 F.3d at 138. We do note that where, as here, the case turns on the sufficiency of evidence presented (as opposed to Kouladoumngar's credibility), "a lower quantum of evidence may justify a confident prediction with respect to a withholding of removal claim as opposed to an asylum claim, given that the evidentiary burden on an applicant for withholding is steeper." *Id.* at 137 n. 10 (citing *Li Hua Lin v. U.S. DOJ*, 453 F.3d 99, 107 n. 6 (2d Cir.2006)). Nevertheless, we cannot make such a confident prediction in this case, and thus grant the petition for review of the IJ's withholding ruling.

Turning to Kouladoumngar's CAT claim, we conclude that because he did not present any evidence that it was more likely than not he would be tortured upon return to Chad, as defined by the relevant regulations, the IJ's denial of CAT relief was appropriate. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 134 (2d Cir.2003); 8 C.F.R. § 208.18(a).

Finally, we turn to Kouladoumngar's motions in this Court for withholding of removal and CAT relief. Because it is for the agency to decide his eligibility for relief in the first instance, these motions are denied. *See Gonzales v. Thomas,* —— U.S. ——, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006); *INS v. Ventura,* 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

\* \* \*

For the foregoing reasons, the petition for review is GRANTED in part with regard to the withholding of removal claim and DENIED in part with regard to the asylum and CAT claims, the BIA's order is VACATED in part, and the case REMANDED for proceedings consistent with this order. The motions for withholding of removal and relief under CAT are DENIED. Having completed our review, we VACATE the stay of removal that the Court previously granted in this proceeding.